UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SHARON K. THORNTON,            )
                               )
           Plaintiff,          )   Case No. 1:10-cv-73
                               )
v.                             )   Honorable Robert Holmes Bell
                               )
ROZEN CONSTRUCTION, et al.,    )
                               )   **REPORT AND RECOMMENDATION**
           Defendants.         )
_____)

This is a civil action brought by a *pro se* plaintiff. Plaintiff is an individual residing in Ingham County, Michigan. She brings suit against Dennis Rozen, alleged to be a resident of Dewitt, Michigan, Rozen Construction (a Michigan corporation), Bank of America, and CSC Lawyers Incorporating Service. The *pro se* complaint appears to arise from a real estate transaction in which plaintiff alleges to have been defrauded by an illegal land contract, leading her to lose her home. Plaintiff alleges violation of four criminal statutes: 18 U.S.C. § 1344 (bank fraud); 18 U.S.C. § 1345 (authorizing the Attorney General to seek injunctive relief against certain criminal frauds); and 18 U.S.C. § 1956 (money laundering); and 18 U.S.C. § 1306 (criminalizing certain violations of the Federal Reserve Act and the Federal Deposit Insurance Act). For relief, plaintiff seeks an award of damages for the loss of her home and for the "scars of becoming homeless."

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of her indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint

is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325

In deciding whether the complaint states a claim, the court applies the standards applicable to Rule 12(b)(6) motions. The complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing FED. R. CIV. P. 8(a)(2)); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555; *see Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). The court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), *cert. denied*, 128 S. Ct. 1876 (2008). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,'. . . it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008); *see In re Travel Agent Commission Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009).

**Discussion**

The federal courts are courts of limited jurisdiction. *Metro Hydroelectric Co. v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008). In general, the federal district courts may hear and determine cases between citizens of different states and involving the requisite amount in controversy, 28 U.S.C. § 1332(a), and cases arising under the federal Constitution or laws, 28 U.S.C. § 1331. There is no possibility of plaintiff's invocation of this court's diversity jurisdiction in the present case, as plaintiff identifies herself and at least one defendant as residing in the State of Michigan. The only other basis for federal court jurisdiction is a plaintiff's allegation of a colorable claim against defendants arising under federal law.

The only federal laws identified by plaintiff in her complaint are criminal statutes, such as 18 U.S.C. § 1344, which criminalizes the execution of schemes or artifices to defraud a financial institution. It is well settled, however, that the federal criminal laws create no private right of action in favor of individuals. *See, e.g., Kashelkar v. Bluestone*, 306 F. App'x 690, 692 (2d Cir. 2009) (federal mail fraud statute, 18 U.S.C. § 1341, does not create private right of action); *Official Publications, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989) (same); *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997) (no private right of action for violation of federal mail and wire fraud statutes). The sole authority to enforce the federal criminal laws rests with federal prosecutors. *See Milgrom v. Burstein*, 374 F. Supp. 2d 523, 529 (E.D. Ky. 2005).[1]

Plaintiff has set forth a garden-variety breach of contract or fraud claim arising under the state common law. If plaintiff was indeed defrauded in connection with her land contract transaction, the laws of the State of Michigan provide complete redress. In the absence of diversity jurisdiction, however, this court has no jurisdiction to entertain her state-law claims, which must be brought in the state courts.

## Recommended Disposition

For the foregoing reasons, I recommend that plaintiff's complaint be dismissed for lack of subject-matter jurisdiction.

Dated: February 2, 2010            /s/ Joseph G. Scoville
                                   United States Magistrate Judge

---

[1] Furthermore, plaintiff appears to misread these federal criminal statutes. For example, section 1344 criminalizes fraud committed *against* a bank. Plaintiff's complaint, to the extent that it is intelligible, appears to allege that the bank committed a fraud against her. Under no stretch of the imagination can the bank fraud statute be construed as applying to the facts set forth in plaintiff's complaint.